## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CENTRUE BANK, a state | ) | |
| chartered bank, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:4:10-cv-16 |
| | ) | |
| GOLF DISCOUNT OF ST. LOUIS, INC., | ) | |
| a Missouri corporation, MARTIN CITY | ) | |
| GOLF COMPLEX,   INC.,  a Missouri | ) | |
| Corporation; MID RIVERS GOLF | ) | |
| COMPLEX,   INC., a Missouri | ) | |
| Corporation; STORY & ASSOCIATES, | ) | |
| L.P., a Missouri limited partnership; | ) | |
| DSB, LLC, a Missouri limited | ) | |
| Liability company; and | ) | |
| MESA GOLF CENTER, | ) | |
| LLC, an Arizona limited liability company | ) | |
| | ) | |
|       Defendants. | ) | |

### EMERGENCY MOTION FOR APPOINTMENT OF RECEIVER

COMES NOW Centrue Bank ("Lender") and moves this Court for appointment of Receiver for the management, preservation, protection, maintenance and operation of the property set forth herein as owned by the Defendants in this matter and as more fully described in the Complaint.  In support of its Motion, Lender states as follows:

1.      On or about January 6, 2010, Lender filed its Complaint in this matter.

2.      Lender entered into a loan transaction with  Golf Discount, Martin City,  Mid-Rivers, Associates and DSB, LLC (collectively "Borrowers") pursuant to an Amended and Restated Loan Agreement executed on September 30, 2009, to be effective as of April 30, 2009 (hereinafter the "Loan Agreement").

CLAYTON 34878v1

3.      In accordance with the Loan Agreement, Borrowers execute promissory notes in the original maximum principal amounts of Four Million Five Hundred Fifty Thousand and 00/100 Dollars ($4,550,000.00) ("Revolving Note"); Seven Million Three Hundred Four Thousand and 00/100 Dollars ($7,304,000.00) ("Term Note A"); and Ten Million Two Hundred Ninety-five Thousand Thirteen and 59/100 Dollars ($10,295,013.59) ("Term Note B"), as more particularly described in the Complaint (the "Notes").

4.      The Notes matured on January 5, 2010, and Borrowers have failed to pay the Notes since maturity.

5.      As of January 5, 2010, there was $20,156,059.90 in principal due and owing under the Notes.

6.      In conjunction with the Loan Agreement, Borrowers and Mesa Golf Center LLC executed among other things, a Security Agreement granting Lender a Security Interest under the Uniform Commercial Code in all goods, equipment, accounts, inventory, instruments, documents, chattel paper, general intangibles and other property and fixtures of Borrowers and Mesa Golf Center, LLC, whether now owned or after acquired, and all proceeds therof (the "Security Agreement").

7.      In conjunction with the Loan Agreement, Defendants also entered into mortgages and/or deeds of trust on the Mid Rivers Golf Links Property at 4100 Mid Rivers Mall Drive, St. Peters, Missouri; the Kansas City Property at 1 E. 135th Street, Kansas City, Missouri; the Mesa Property at 3252 East McKellips Rd., Mesa, AZ 85213; the Overland Park Property at 12020 Blue Valley Parkway, Overland Park, KS 66213; Old Hickory Golf Club Property at 1 Dye Club Dr., St. Peters, Missouri; and the Memphis Property at 8076 Giacosa Pl., Memphis, TN 38133.

8.	Section 15.3.9 of the Loan Agreement provides that upon default by Borrowers:

**RIGHT TO APPOINT RECEIVER.** Without limiting and in addition to any other rights, options and remedies Lender has under the Loan Documents, the UCC, at law or in equity, upon the occurrence of an Event of Default and at any time thereafter, Lender shall have the right to have a receiver appointed by a court of competent jurisdiction in any action taken by Lender to enforce its rights and remedies in order to manage, protect and preserve the Collateral and continue the operation of the business of Borrower and to collect all revenue and profits thereof and apply the same to the payment of all expenses and other charges of the receivership including the compensation of the receiver and to the payments as aforesaid until a sale or other disposition of the Collateral shall be finally made and consummated.

9.	The Deeds of Trust relating to the Mid Rivers Golf Links Property at 4100 Mid Rivers Mall Drive, St. Peters, Missouri; the Kansas City Property at 1 E. 135th Street, Kansas City, Missouri; the Overland Park Property at 12020 Blue Valley Parkway, Overland Park, KS 66213; Old Hickory Golf Club Property at 1 Dye Club Dr., St. Peters, Missouri; and the Memphis Property at 8076 Giacosa Pl., Memphis, TN 38133 each provide for the appointment of a receiver upon "actual or threatened waste to the Collateral", and provide authority for the receiver to take possession of, and to operate, maintain and manage the Collateral… This is in addition to, and without limiting Lenders rights and remedies specified in the Loan Agreement or at law or equity.

10.	This Court is empowered to appoint a receiver pursuant to RSMo. §515.240, 28 U.S.C. § 754, Missouri Supreme Court Rule 68.02, and Rule 66 of the Federal Rule of Civil Procedure.

Section 515.240 of the Revised Statutes of Missouri provides that:

> The court, or any judge thereof in vacation, shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money or other thing deposited in court, or that may he subject of a tender, and to keep and preserve all property and protect any business or business interest entrusted to him pending any legal or equitable proceeding concerning the same, subject to the order of the court.

Additionally, Missouri Supreme Court Rule 68.02 states that:

> Whenever in a pending legal or equitable proceeding it appears to the court that a receiver is necessary to keep, preserve and protect any business, business interest or property, including money or other thing deposited in court or the subject of a tender, the court, or any judge thereof in vacation, may appoint a receiver whose duty it shall be to keep, preserve and protect, to the extent and in the manner that the court may direct, that which the receiver is ordered to take into the receiver's charge.

11.     This Court pursuant to 28 U.S.C. § 754 has the power to appoint a receiver to take over and manage and do any actions deemed necessary by the receiver and approved by this court to protect the assets then placed under management by the receiver.

12.     A receiver is just and necessary to keep and preserve the Lender's security interest in the Collateral  for the following reasons:

a. Borrowers agreed to the appointment of a receiver in the event of default pursuant to the Loan Agreement;

b. The Lender lacks other good and sufficient security from Borrower to further secure the Notes;

c. Borrowers are in default under the Notes, and as each of the Notes has matured, there is no cure of said default in prospect;

d. The Lender has a vested interest in the efficient operation of the business of Borrowers, so as to manage, protect and preserve the Collateral, as defined in the Loan Agreement;

e. The Borrowers lack funding to maintain the Collateral, and the Lender is legitimately fearful that its Collateral has been, is and will continue to be consumed, used or dissipated without the appointment of a receiver;

f. The Lender has no adequate remedy at law, and is in need of this Court's Order Appointing a Receiver to protect its interests in the Collateral and to keep, preserve

CLAYTON 34878v1

and maintain the Collateral, and sell or dispose of the Collateral subject to Court approval;

g.   Without the appointment of a receiver to take control of the Collateral and to enforce all rights of Lender in said Collateral, the Lender will suffer irreparable injury and loss.

13.   Lender and Atec have negotiated an agreed upon bond of $5,000.00.

14.   Lender is informed and believes that Defendants, while not consenting to the entry of the proposed order appointing Atec, Inc. as receiver, do not oppose its entry herein.

15.   Lender also submits the Affidavit of Scott Dallman in support of the Motion herein as **Exhibit A**.

WHEREFORE, Plaintiff prays this honorable Court for its Order against Defendants Golf Discount of St. Louis, Inc.; Martin City Golf Complex, Inc.; Mid-Rivers Golf Complex, Inc.; Story & Associates, L.P.; Mesa Golf Center, LLC and DSB, LLC., jointly and severally, appointing Atec, Inc. to serve as Receiver with respect to the Collateral; and for such other and further orders at the Court deems just and proper.

LATHROP & GAGE LLP

/s/Wendi Alper-Pressman
Wendi Alper-Pressman, #14333
Danielle N. Twait, #5226831

7701 Forsyth Blvd., Suite 400
St. Louis, MO 63105
314.613.2800  Fax 314.613.2801
wpressman@lathropgage.com