UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRUE BANK, a state chartered bank, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV16 TIA |
| | ) |
| GOLF DISCOUNT OF ST. LOUIS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Intervene and for Order Compelling Payment from Receiver filed by the Acushnet Company. The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### Background

On January 6, 2010, Plaintiff Centrue Bank filed a Complaint in federal court against Defendants Golf Discount of St. Louis, Inc.; Martin City Golf Complex, Inc.; Mid-Rivers Golf Complex, Inc.; Story & Associates, L.P.; DSB, LLC; and Mesa Golf Center, LLC. According to the Complaint, Plaintiff, the "Lender" in this case, entered into revolving and term loan transactions with Golf Discount, Martin City, Mid-Rivers, Story & Associates, and DSB, LLC ("Borrowers"). Count I involves a Revolving Note for $4,550,000.00. (Complaint, ¶12) This note was secured by a Security Agreement granting the Lender a Security Interest under the Uniform Commercial Code in all goods, equipment, accounts, inventory, instruments, documents, chattel paper, general intangibles and other property and fixtures of Borrowers, whether now owned or after acquired, and all proceeds thereof. (Complaint, ¶15)

On December 14, 2009, the Lender notified the Borrowers of their default under the Loan Documents and notified the Borrowers that payment in full would be required on the January 5, 2010 maturity date. (Complaint, ¶16) On January 6, 2010, the Lender demanded full payment under the Revolving Note from the Borrowers, which the Borrowers failed to make. (Complaint, ¶¶18, 19) Count I of the Complaint therefore seeks judgment from the Borrowers in the amount of principal and interest, and attorneys' fees and costs.

The Lender also entered into two term loan transactions with the Borrowers in the principal amounts of $7,304,000.00 and $10,295,013.59. (Complaint, ¶¶23, 30) These term notes were secured by mortgages and/or deeds of trust on several golf properties. (Complaint, ¶¶24, 32) The Borrowers defaulted on these term notes as well, and the Lender demanded full payment on January 6, 2010, which the Borrowers failed to do. (Complaint, ¶¶27, 28) Counts II and III of the Complaint therefore seek judgment from the Borrowers in the amount of principal and interest, and attorneys' fees and costs.

Under Count IV, Plaintiff Lender asserts that Defendant Mesa Golf Center, LLC guaranteed full and punctual payments in satisfaction of the Borrowers' indebtedness to Lender by its Unlimited Guaranty. (Complaint, ¶38) This Guaranty was secured by a Security Agreement granting the Lender a Security Interest under the Uniform Commercial Code in all goods, equipment, accounts, inventory, instruments, documents, chattel paper, general intangibles and other property and fixtures of Mesa Golf Center, LLC, whether now owned or after acquired, and all proceeds thereof. (Complaint, ¶40) The Lender advised Mesa Golf Center, LLC that the Term Notes and the Revolving Note were in default and that the Lender would expect full payment of the balances due on the date of maturity. (Complaint, ¶41) However, Mesa Golf Center, LLC failed to make such

payment. (Complaint, ¶42) Count IV of the Complaint therefore seeks judgment against Mesa Golf Center, LLC in the amount of principal and interest, and attorneys' fees and costs.

Finally, the Complaint seeks the appointment of a Receiver under the terms of the Loan Agreement. (Complaint, ¶¶ 43-52) On January 12, 2010, this Court appointed Atec, Inc., as a qualified and suitable entity to serve as receiver for the Defendants. (Doc. #11, <u>Order Appointing Receiver</u>)

On February 19, 2010, the Acushnet Company ("Acushnet") filed a Motion to Intervene and for Order Compelling Payment from Receiver. Acushnet asserts that it provided golf merchandise to Golf Discount of St. Louis, Inc. since July 31, 2007. Further, Acushnet claims that Golf Discount owes Acushnet $342,913.69 in unpaid invoices for products delivered from September 2009 to present. Acushnet seeks payment of the outstanding receivables from Atec and thus seeks to intervene in this matter to protect its interests. Plaintiff Centrue Bank and the Receiver Atec respond that Acushnet has failed to establish grounds for intervention as a matter of right or for permissive intervention under Federal Rule of Civil Procedure 24(a) and (b).

## **Intervention of Right**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure:

> On timely motion, the court must permit anyone to intervene who:
> . . .
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

3

Courts should grant a timely motion to intervene "if the proposed intervenor shows: 1) that it has an interest in the action; 2) that the interest may be impaired; and 3) that the interest is not adequately protected by a current party to the action." Taylor v. Southwestern Bell Tel. Co., 251 F.3d 735, 741 (8th Cir. 2001) (citation omitted). Further, the proposed intervenor must satisfy all three conditions in order to intervene as a matter of right under Fed. R. Civ. P. 24(a). South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003) (citation omitted).

Acushnet contends that it satisfies these conditions. Centrue Bank and Atec disagree, arguing that, at the outset, Acushnet is unable to demonstrate an interest in the action. The undersigned finds that Acushnet has not satisfied the requirements of Fed. R. Civ. P. 24(a)(2) and that granting its motion for intervention as of right is inappropriate.

An asserted interest under Rule 24(a)(2) "must be 'significantly protectable,' . . . which has been interpreted to mean 'legally protectable.'" United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 839 (8th Cir. 2009) (citations omitted). Further, "[g]eneral economic interests are not protectable and cannot serve as the basis for intervention." Id. (citation omitted); see also Med.Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007). In addition, "[a]n interest that is 'contingent upon the occurrence of a sequence of events before it becomes colorable' is also not sufficient to satisfy Rule 24(a)(2)." Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007) (quoting Standard Heating and Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 571 (8th Cir. 1998). A person or entity seeking to intervene must also show that the subject matter of the case affects its interests directly, rather than tangentially. Id. Therefore, "[a] court must carefully analyze whether the proposed intervenor's asserted interest really is bound up with the subject matter of the litigation." Id. at 840.

4

In the instant case, Acushnet has failed to demonstrate that it has a legally protectable interest or that its interest is bound up with the subject matter of this case. Acushnet merely asserts an economic interest in this action, seeking payment for goods provided as an unsecured creditor. Acushnet is not party to the Notes upon which Defendants allegedly defaulted and which are the basis of the Complaint. Further, Acushnet's assertion that the Receiver will not pay the invoice amounts and will not uphold its duties is speculative at this time. The receivership's purpose is to improve upon the viability of Golf Discount, and the receivership may very well be in a position to pay all outstanding obligations to suppliers as the Receiver continues to fulfill the terms of the receivership and continue the operation of the business. Thus, Acushnet has no cognizable interest in the action at this time, and the Court will deny Acushnet's motion for intervention as a matter of right. See generally Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006 (8th Cir. 2007) (finding potential intervenor's interest to ensure that defendants in her state suit have sufficient resources to satisfy any judgment she might obtain against them to be too remote and indirect to qualify as a cognizable interest under Rule 24(a)(2)).

**Permissive Intervention**

Alternatively, Acushnet contends that it is entitled to permissive intervention. Under Rule 24(b)(1), "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). Whether or not to grant a motion for permissive intervention is wholly discretionary. Id.

Acushnet argues that "payment of Golf Discount's obligations to Acushnet is necessary to avoid violating Acushnet's rights and is in the best interests of Golf Discount and the continued operation of its business." (Memorandum in Support of Motion to Intervene, p. 6) Centrue Bank and Atec, on the other hand, contend that Acushnet has not demonstrated that a common question of law or fact exists. Further, Centrue Bank and Atec maintain that compelling a secured creditor to pay an unsecured creditor from the proceeds of collateral would prejudice the rights of the secured creditor and would open the door for every unsecured creditor to seek intervention, thus delaying the administration of the receivership.

The undersigned agrees that permissive intervention is not warranted in this case. As previously stated, Centrue Bank seeks to recover amounts due under secured loans and to exercise its right to the appointment of a receiver to preserve and protect its collateral. Acushnet had no involvement with these secured loans and is merely the holder of an unsecured claim to recover payments for goods sold. Further, the undersigned agrees that allowing intervention would prejudice Centrue Bank's rights as a secured creditor and would prompt every other unsecured creditor to follow suit. Therefore, the Court will deny Acushnet's motion for permissive intervention.

Accordingly,

**IT IS HEREBY ORDERED** that Acushnet's Motion to Intervene and for Order Compelling Payment from Receiver [Doc. #14] is **DENIED.**

**IT IS FURTHER ORDERED** that the Motions for Leave to Appear Pro Hac Vice filed by Kelly D. Eckel and Eric Breslin on behalf of Acushnet Company are **DENIED** as **MOOT.**

          /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   9th   day of April, 2010.