UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRUE BANK, a state chartered bank, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV16 TIA |
| | ) |
| GOLF DISCOUNT OF ST. LOUIS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Acushnet Company's Objections to Memorandum and Order Dated April 9, 2010 on Acushnet's Motion to Intervene. The Parties to this case, Centrue Bank and Golf Discount of St. Louis, Inc., et al., consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On April 9, 2010, the undersigned denied Acushnet Company's ("Acushnet") Motion to Intervene and for Order Compelling Payment from Receiver. [Doc. #24] Acushnet subsequently filed objections and requested that a district court reverse this Court's Memorandum and Order. Acushnet maintains that, because it did not consent to this Magistrate Judge's jurisdiction, the Memorandum and Order should be treated as a Report and Recommendation, subject to *de novo* review by a district judge. Acushnet further contends that the undersigned "erred in his reliance on inapposite case law and factually unsound assumptions." For the foregoing reasons, Acushnet's motion will be denied.

The Court incorporates by reference its Memorandum and Order dated April 9, 2010 and finds that reconsideration by this Court or *de novo* review by a district judge is not warranted. With

regard to consent in this case, the undersigned has full consent of the parties to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . ." 28 U.S.C. § 636(c)(1). However, Acushnet relies on cases from the Second Circuit Court of Appeals to argue that a district judge must rule on a motion to intervene filed by a non-party unless that non-party expressly consents to jurisdiction. New York Chinese TV Programs, Inc. v. U.E. Enters., Inc., 996 F.2d 21, 24-25 (2d Cir. 1993) ("Absent the 'intervenors' consent, the magistrate judge was not authorized to enter a final order denying intervention[.]"); Stackhouse v. McKnight, No. 05-0607-cv, 2006 WL 406292, at *2, (2d Cir. Feb. 22, 2006) ("When only the original parties to the case have consented to the jurisdiction of a magistrate judge under § 636(c), . . . a district judge must rule on a motion to intervene brought by a third party, unless the party making the motion also specifically consents to having the magistrate judge rule on it.").

The Second Circuit does require consent to a magistrate judge's ruling on a motion to intervene, and subsequent *de novo* review of a district judge absent such consent. However, Acushnet has overlooked conflicting case law from the Seventh Circuit and cases from several district courts acknowledging a split between the two circuits. In People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205, proposed intervenors argued that the magistrate judge lacked jurisdiction to rule on the motion to intervene because, unlike the parties, they had not consented under 28 U.S.C. § 636(c)(1) to have a magistrate judge hear the case and issue a dispositive order. 171 F.3d 1083, 1089 (7th Cir. 1999). The Seventh Circuit Court of Appeals disagreed and concluded:

> the power to rule on motions to intervene is a necessary and proper incident of the magistrate judge's power to decide the underlying case. This conclusion does no violence to the language of § 636(c)(1), which requires only the consent of 'parties' to the magistrate judge's entering dispositive orders; an applicant for intervention is not a party

2

> . . . he wants to *become* a party.

Id. (internal citations omitted). The People Who Care court reasoned that, "[a]lthough the power of a magistrate judge to enter binding judgments depends on the consent of the parties, it would erode that power unduly if would-be intervenors had to consent as well." Id. The court also noted the consequences of shifting the motion, or the entire case, to a different adjudicator, including "delay, confusion, duplication in effort, the possibility of inconsistent determinations, and a drain on judicial resources." Id.

Additionally, district courts faced with this same consent issue have acknowledged that authorities are split as to whether a proposed intervenor must consent to a magistrate judge's jurisdiction where the existing parties have already consented. See, e.g., Natural Resources Defense Council v. Gutierrez, No. C 01-0421 JL, 2007 WL 1518359, at *2 (N.D. Cal. May 22, 2007) (stating that "case law on the issue of consent to a magistrate judge's jurisdiction over a motion to intervene is sparse and conflicting"); McWhorter v. Elsea, Inc., No. 2:00-cv-473, 2006 WL 3526405 (S.D. Ohio Dec. 6, 2006) (noting conflicting decisions regarding whether a magistrate judge may deny a motion to intervene in a consent case); United States v. Real Prop. Known and Numbered as 1731-1735 North Fourth St., Columbus, Franklin County, Ohio, No. 2:04-cv-0764, 2006 WL 3793305, at *3 (S.D. Ohio Nov. 21, 2006) (noting the converse holdings of the Second and Seventh Circuits on a magistrate judge's authority to rule on a motion to intervene); USCOC of New Hampshire RSA #2, Inc. v. Town of Bow, New Hampshire, No. Civ. 05-CV-327-JM, 2006 WL 624880 (D.N.H. March 7, 2006) (finding a split among the Second and Seventh Circuits regarding consent by a proposed intervenor where the magistrate judge has full consent of the parties); Perles, P.C. v. Kagy,

394 F. Supp. 2d 68, 71 (D.D.C. 2005) (acknowledging that only the Second and Seventh Circuits have considered the question of whether consent by the parties under § 636(c) grants a magistrate judge jurisdiction over a motion to intervene and that those circuits reached opposite conclusions).

While this Court is not bound by the authority of either the Second or the Seventh Circuit, the undersigned finds the Seventh Circuit's holding in People Who Care more persuasive.[1] Section 636(c) refers to the consent of the "parties," and this Court, by consent, has the authority to rule on the motion to intervene in accordance with its power to decide the underlying case. People Who Care, 171 F.3d at 1089. As a would-be intervenor, Acushnet has not acquired the status of a party and has "no statutory entitlement to exercise choice over the type of adjudicator." Atlantic Mut. Ins. Co. v. Northwest Airlines, Inc., 24 F.3d 958, 960 (7th Cir. 1994). Further, because this is a § 636(c) civil consent case, Acushnet "retains the right to appeal this Court's decision" to the United States Court of Appeals for the Eighth Circuit. Perles, P.C. v. Kagy, 394 F. Supp. 2d 68, 73 (D.D.C. 2005) (citations omitted); Inventory of Magistrate Judge Duties § 8, pp. 28-30. Therefore, the undersigned denies Acushnet's request for *de novo* review by a district judge.

In addition, this Court finds that reconsideration of its order denying Acushnet's Motion to Intervene is not warranted.[2] While Acushnet fails to invoke any specific rule which would entitle it

---

[1] In the United States District Court for the Eastern District of Missouri, magistrate judge jurisdiction by consent is vital to the district court's judicial efficiency. "The magistrate judges in the Eastern District of Missouri play an integral role in the handling of the court's workload." United States District Court Eastern District of Missouri 2009 Annual Report, p. 13.

[2] The undersigned notes, however, that although Acushnet contends that it **must** be permitted to intervene to protect its interests in recovering the proceeds for merchandise supplied to Golf Discount, Acushnet is seeking to recover the same amount for merchandise under a breach of contract claim in Acushnet Company v. Story, et al., No. 4:10-cv-00257-SNLJ. Acushnet requests $343,000 for golf equipment and merchandise supplied to Golf Discount from Ned B. Story and Margie A. Story as guarantors of the debt pursuant to the terms of a Guaranty

to reconsideration of this Court's April 9, 2010 Memorandum and Order, the undersigned will analyze the motion in accordance with Federal Rule of Civil Procedure 60(b)(6), which provides that a court may grant relief from an order for any reason that justifies relief.  However, under this rule, relief is available "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate [its] claim and have prevented the moving party from receiving adequate redress."  Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted).  Achushnet received ample opportunity to litigate the issue of intervention in this case.  Its "mere disagreement with the Court's legal resolution of this contested issue is not a basis upon which to reconsider the decision."  Alchemy Advisors, LLC v. Cedarburg Pharm., Inc., No. 4:08CV1964 FRB, 2010 WL 56012, at *2 (E.D. Mo. Jan. 4, 2010) (citation omitted).  Further, the motion to reconsider is nothing more than a re-argument of the merits of its motion to intervene, which is insufficient under Rule 60(b).  Broadway v. Norris, 193 F.3d 987, 989-990 (8th Cir. 1999).  In short, Acushnet has stated no compelling or legally sound argument in support of its Motion to Reconsider.  Therefore, the Court will deny said motion.

---

contract dated as of December 10, 2003 and the Direct Account Status Agreement dated July 31, 2007. (Complaint, Doc. #1)  At a minimum, this undermines Acushnet's assertion that its ability to protect its rights will be lost if the Court does not permit it to intervene. (Acushnet Company's Objections to Memorandum and Order Dated April 9, 2010 on Acushnet's Motion to Intervene, Doc. #25, p. 11)

Accordingly,

**IT IS HEREBY ORDERED** that Acushnet Company's Objections to Memorandum and Order Dated April 9, 2010 on Acushnet's Motion to Intervene [Doc. #25] is **DENIED**.

                                                /s/ Terry I. Adelman
                                   UNITED STATES MAGISTRATE JUDGE

Dated this  15th  day of July, 2010.