UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRUE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV16 TIA |
| | ) |
| GOLF DISCOUNT OF ST. LOUIS, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Case for Lack of Subject Matter Jurisdiction. The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c).

### Background

On January 6, 2010, Plaintiff Centrue Bank filed a Complaint in federal court against Defendants Golf Discount of St. Louis, Inc.; Martin City Golf Complex, Inc.; Mid-Rivers Golf Complex, Inc.; Story & Associates, L.P.; DSB, LLC; and Mesa Golf Center, LLC. On January 12, 2010, this Court appointed Atec, Inc., as a qualified and suitable entity to serve as receiver for the Defendants. Since this appointment, a driving range in Kansas City, Missouri and acreage used as a driving range in Mesa, Arizona have been sold.

On August 13, 2010, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that diversity of citizenship between the parties did not exist. Plaintiff filed a Response in Opposition to the motion on August 17, 2010. On August 18, 2010, the Court held a hearing regarding the sale of real estate in St. Charles, Missouri consisting of 225 acres used as an

18 hole private golf course, golf club, clubhouse, and public restaurant, as well as 125 acres used as a public golf club. The Court also heard brief arguments on the Motion to Dismiss and ordered the parties to conduct good-faith expedited discovery and briefing on the issue of subject matter jurisdiction. On September 3, 2010, the undersigned held a hearing on the Motion to Dismiss.

**Discussion**

Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff, Centrue Bank, is a citizen of Missouri such that complete diversity of citizenship does not exist. Plaintiff, on the other hand, contends that Centrue Bank is a citizen of Illinois, not Missouri.

On February 23, 2010, the United States Supreme Court clarified the meaning of "principal place of business" for purposes of citizenship of corporations under the federal diversity jurisdiction statute, 28 U.S.C. § 1332(c)(1). In Hertz Corp. v. Friend, ___ U.S. ___, 130 S. Ct. 1181, 1186 (2010), the Supreme Court concluded that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." This location is referred to as the "nerve center" of the corporation. The Court further stated that the nerve center was "typically found at a corporation's headquarters." Id. In addition, the Court clarified that "place" meant a place within a State and not the State itself. Id. at 1193.

The Supreme Court determined that this rule promoted administrative simplicity and greater predictability in light of courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Id. However, the Court recognized that hard cases will arise under the "nerve center" test, especially in the "era of telecommuting" and in cases where business activities visible to the public transpire in a different state than where the top officers direct those activities. Id. at 1194. However, the Court noted that anomalies were acceptable in light

2

of having a clearer rule and a more uniform legal system. Id.

The party asserting diversity jurisdiction has the burden of persuasion. Id. (citations omitted. Further, when the parties challenge allegations of jurisdictional facts, the parties must support those allegations with competent proof. Id. (citations omitted).

In the instant case, Centrue Bank alleges that its principal place of business is in Ottawa, Illinois, thus satisfying diversity jurisdiction. Defendant, on the other hand, argues that, while Centrue Bank is incorporated in Illinois, its principal place of business, or "nerve center," is in Clayton, Missouri, where its President and CEO resides and has an office.

Plaintiff has presented evidence that Centrue Bank is an Illinois chartered state bank and is therefore deemed a citizen of Illinois. See Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006) (state bank chartered by a particular state is considered a citizen of the charter state). The question before the Court, however, is the location of the "nerve center". Plaintiff contends that the bank's nerve center is also located in Illinois, where the officers direct, control, and coordinate the bank's activities. As proof of this assertion, Plaintiff has presented evidence that the Bank is headquartered in Illinois; is chartered in Illinois; has its main offices in Illinois; and has the majority of employees, executives, and board members in Illinois.

Specifically, the President and CEO of Centrue Bank and Centrue Financial Corporation, Mr. Tom Daiber, testified during the hearing that at the time of filing, the single center of decision-making for Centrue Bank was in Ottawa, Illinois.[1] (Tr. 23) Six of the fourteen officers were located in

---

[1] "For purposes of diversity jurisdiction, the Court analyzes citizenship as of the date that the Complaint was filed." In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig., Civil No. 07-1487 (DWF/AJB), MDL No. 05-1708 (DWF/AJB), 2007 WL 2572048, at *6 (D. Minn. Aug. 30, 2007) (citing Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004)); see also Flynn v. Teak Assoc. Inv. No. 2, Inc., 98 F. Supp. 2d 1081, 1082 (E.D. Mo. 2000) (in

3

Ottawa, as were most of the operations. (Tr. 23) The officers included the Chief Financial Officer, the Comptroller, the Human Resources Director, Chief Credit Officer, Corporate Secretary, and Head of Mortgage Banking. (Tr. 19-22) In addition to these officers, the accounting department and personnel were located in Ottawa, along with credit administration, loan processors, clerical files, and human resources records. (Tr. 22-23) While Mr. Daiber had the ultimate responsibility for implementing policies and decisions of the board, he did not have sole responsibility, and he indicated that he regularly interacted with and delegated to key members of his management team. (Tr. 24)

Additionally, Mr. Daiber met with bank senior executives three days a month in Ottawa, during which time he collaborated with those senior executives and management to develop policies and procedures for Centrue Bank. (Daiber Depo. p. 106:9-22; p. 115:6-22) While he worked in the Clayton office, Mr. Daiber trusted management team in Ottawa to direct, control, and coordinate the daily banking activities for their departments and areas of responsibility. (Tr. 19-22)

Defendants, however, maintain that Plaintiff's "nerve center" is in Missouri, as Mr. Daiber has an office in Clayton, Missouri, and he has the ultimate authority and responsibility for implementing policies and decisions of the board, as well as for the conduct, direction, and performance of Centrue Bank. (Daiber Depo., pp. 52:2 - 53:6; 55:8 - 56:7; 87:5 - 9; 89:1 - 24; 90:7 - 92) Thus, Defendants argue that Plaintiff is a citizen of Missouri and that diversity jurisdiction does not exist in this case.

The undersigned finds that the nerve center of Centrue Bank is located in Ottawa, Illinois, the "place where the corporation's high level **officers** direct, control, and coordinate the corporation's

---

determining whether diversity of citizenship exists under 28 U.S.C. § 1332 (c)(1), courts look to facts as they existed on the date the action was filed.).

activities." Hertz, 130 S. Ct. at 1186 (emphasis added). The Hertz Court cautioned that hard cases would arise. Id. at 1194. Here, the center of direction, control, and coordination is Ottawa, the place from which the Chief Financial Officer, the Comptroller, the Human Resources Director, Chief Credit Officer, Corporate Secretary, and Head of Mortgage Banking directed, controlled, and coordinated the corporate activities, including accounting, finance, regulation, credit, mortgage lending, loan processing, benefits, hiring/firing, and record-keeping at the time Centrue Bank filed this case. (Tr. 19-23)

Mr. Daiber may have the ultimate authority, but this is not the test articulated by the Supreme Court in Hertz. The corporate activities and the day-to-day direction, control, and coordination by the officers of the corporation are made in the Ottawa office, not the Clayton satellite office consisting of merely 10 employees. Again, the Court noted the possibility and indeed probability of telecommuting, in which "corporations may divide their command and coordinating functions among officers who work at several different locations." Id. at 1194. In those cases, courts are to look in a "single direction, towards the center of overall direction, control, and coordination." Id. While a small number of officers are located in other areas, including Mr. Daiber's office in Clayton, the primary day-to-day decisions were made and implemented from the Ottawa office at the time of filing. (Tr. 23) The high level officers in this case are primarily in Ottawa, and the undersigned finds that this is the "nerve center" of Centrue Bank. Thus, Plaintiff has satisfied its burden of establishing diversity jurisdiction in this case.[2] Because Plaintiff Centrue Bank's principal place of business is

---

[2] The submission of Centrue Financial's 10 K listing St. Louis, Missouri, as its main office does not aid Defendants in their argument. First, as specifically stated by the United States Supreme Court, "the mere filing of a form like the Securities and Exchange Commission's form 10-K listing a corporation's 'principal executive offices' would, without more, be [in]sufficient proof to establish a corporation's 'nerve center.'" Id. at 1195. Further, the 10-K submitted is for

5

Ottawa, Illinois, this Court retains subject matter jurisdiction over this case in that the parties are citizens of different states. 28 U.S.C. § 1332 (a)(1) and (c)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Case for Lack of Subject Matter Jurisdiction [Doc. #57] is **DENIED.**

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   20th   day of October, 2010.

---

the Bank's holding company, Centrue Financial Corporation, and not for Centrue Bank, which is the Plaintiff in this case.  See Astra Oil Trading NV v. Petrobras Am. Inc., Civil Action No. H-09-1274, 2010 WL 3069793, at *2 (S.D. Tex. Aug. 4, 2010) ("[W]hen a subsidiary is incorporated separately from its parent, it is treated as an independent entity for purposes of determining federal court jurisdiction.").