IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CENTRUE BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No 4:10-CV-00016-TIA |
| ) | |
| GOLF DISCOUNT OF ST. LOUIS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

Motion to Discharge Receiver and Release Receiver's Bond

Comes now Atec, Inc., the Receiver for defendants Golf Discount of St. Louis, Inc., Martin City Golf Complex, Inc., Mid Rivers Golf Complex, Inc., Story & Associates, L. P., DSB, LLC and Mesa Golf Center, LLC (collectively referred to herein as the "Receivership Defendants") for its a Motion to Discharge Receiver and Release Receiver's Bond, states as follows:

1. Atec, Inc. was appointed as the receiver for the Receivership Defendants pursuant to this Court's order dated January 12, 2010. Atec, Inc. posted its Receivers Bond on February 16, 2010, with The Ohio Casualty Insurance Company as surety.

2. The Receiver undertook operation of the Receivership Defendants' businesses, retaining for the most part the Receivership Defendants' employees while efforts were made to locate purchasers for the businesses as going concerns. The businesses were operated in the ordinary course of business pending disposition of the Receivership Defendants' assets.

3. All the assets were subject to this receivership have been administered, either by the receiver through sales in the ordinary course of business or pursuant to this Court's orders with respect to real estate assets or through foreclosure by Plaintiff.

4. All state and federal tax returns for the Receivership Defendants for 2010-2012, the period in which the receivership had income, have been filed.

5. On October 12, 2011, this Court entered its order authorizing the Receiver to release to the Receivership Defendants documents and records no longer needed by the Receiver to operate the receivership estate, and to destroy any records not claimed by the Receivership Defendants. All such records and documents have been released or destroyed.

6. The Receiver is not holding any assets belonging to any of the Receivership Defendants.

7. Although a final judgment has been issued in this case and the case closed, no order was ever entered discharging the Receiver or releasing the Receiver's Bond.

8. Having fully administered all of the assets of the receivership estates, the Receiver is entitled to entry of an order discharging the Receiver from any further duties as receiver and releasing the Receiver and The Ohio Casualty Insurance Company from any further liability with respect to its receivership bond.

WHEREFORE the Receiver requests this Court enter its order discharging the Receiver from any further duties and releasing the Receiver and The Ohio Casualty Insurance Company with respect to its receivership bond.

Respectfully submitted,

JENKINS & KLING, P.C.

By:    */s/Peter D. Kerth*
      Peter D. Kerth, #31682, MO
      150 North Meramec Ave., Ste. 400
      St. Louis, Missouri 63105
      (314) 721-2525
      (314) 721-5525 (Facsimile)
      pkerth@jenkinskling.com
Attorneys for the Receiver

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Receiver's Motion to Discharge Receiver and Release Receiver's Bond was served via electronic filing in the CM/ECF system of the United States District Court, Eastern District of Missouri, Eastern Division to the parties requesting service by electronic filing this 21st day of May, 2014.

/s/ Peter D. Kerth